IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) <br> FROM THE SLOVAK REPUBLIC ) <br> IN THE MATTER OF )    Misc. No. 08- <br> FABIK ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from the Slovak Republic. The translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Slovak Republic authorities who are investigating a case of alleged tax evasion.

EVIDENCE SOUGHT:

The Slovak Republic authorities seek information from the Delaware Secretary of State's Office and a corporation that may be located in Delaware. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

    (a)    The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other

thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in the Slovak Republic and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte*, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____
David L. Hall
Assistant U.S. Attorney
1007 Orange Street
Wilmington, DE   19801
(302) 573-6277

Dated: 2/28/08

**Official Translation from Slovak:**

Party ordering the translation: Krajska prokuratura Trnava, Dolne Basty 1, 917 44 Trnava

## KRAJSKA PROKURATURA T R N A V A
(Regional Public Prosecuting Authority Trnava)
*Dolne Basty 1, 917 44 Trnava*
Phone: 033 / 59 17 211, Fax: 55 11 474, e-mail: kptrnava@genpro.gov.sk

1 Kn 4138/06 - 7                                              In Trnava, dated: 04.01.2007

**TO THE RESPECTIVE COMPETENT AUTHORITY**

**THE UNITED STATES**

With reference to the general principles of international law and to the principle of reciprocity I would like to ask you for legal aid in the criminal case conducted for the crime of non-payment of the tax and premium pursuant to Section 148a Paragraph 1, Paragraph 4 of the Criminal Code effective until 31.12.2005.

This crime was committed as follows:

1. The offender acting as a statutory representative of the company FAPA, a limited liability company, registr. office: Piestany, Winterova 74, in the period from 18.08.2003 to 04.08.2004, submitted the tax return for VAT at the Tax Authority Bratislava I. and at the Tax Authority Piestany, in which he, as the VAT tax payer, unlawfully asserted the claim for the payment of excessive abatement of VAT tax in the amount of 33,948,708.00 Slovak crowns.

2. The offender acting as a statutory representative of the business company Tritom SK, a limited liability company, registr. office: Piestany, Winterova 62, which later changed its registered office into: Levice, Mlynska 1, in the period from 06.10.2004 to 25.04.2004, submitted the tax return for VAT at the Tax Authority Piestany, in which he, as the VAT tax payer, unlawfully asserted the claim for the payment of excessive abatement of VAT tax in the amount of 14,725,505.00 Slovak crowns.

3. The offender acting as a statutory representative of the business company RAZMAT, a limited liability company, registr. office: Bratislava, Na Hrebienku 30, the trade name of which was later changed to MEAT, a limited liability company, address: Bratislava, Racianska 66, as the monthly VAT payer, in the period from 06.07.2004 to 06.05.2005, submitted the tax return for VAT at the Tax Authority Bratislava I. and at the Tax Authority Bratislava III., in which he unlawfully asserted the claim for the payment of excessive abatement of VAT tax in the amount of 103,274,250.00 Slovak crowns.

For the crime stated above the following persons have been accused: Pavol Fabik, statutory representative of the company MEAT, a limited liability company Bratislava, Jan Klimek, statutory representative of the company S&J PRESSBURG, a limited liability company

Bratislava, Jozef Jakubik, statutory representative of the company FAPA, a limited liability company Piestany and Karol Fako, statutory representative of the company Tritom SK, a limited liability company Levice.

### Wording of Section 148a of the Criminal Code effective until 31.12.2005
### Evading the Taxes and Premium

(1) A person who significantly evades his payment of taxes and who does not pay to the determined authority a due tax, social security or health insurance contributions or contribution for the unemployment insurance which is deducted or collected according to law or a person who unlawfully asserts the claim for returning VAT tax or consumption tax with the intention to gain unjustified benefit for himself or for the other, shall be sentenced to a term of imprisonment of between one year and five years or the prohibition to undertake professional activities or a pecuniary penalty.

(4) An offender shall be sentenced to a term of imprisonment of between five and twelve years if he causes extensive damage by an act (offence) under subsection 1.

The substance of the stated crime was that the accused through the companies **FAPA**, a limited liability company, Na Hrebienku 30, Bratislava, **RAZMAT**, a limited liability company, Na Hrebienku 30, Bratislava, which changed its trade name to **MEAT**, a limited liability company, Racianska 66, Bratislava, **Tritom SK**, a limited liability company, Winterova 62, Piestany, **EUROTRADEX**, a limited liability company, Svatoplukova 1731, Puchov, **NDP SLOVAKIA**, a limited liability company, Svatoplukova 1731, Puchov, **S&J PRESSBURG SLOVAKIA**, a limited liability company, Na Hrebienku 30, Bratislava, **LC TRANSPORT**, a limited liability company, Skultetyho 1, Zilina, **RAWAR**, a limited liability company, Na Hrebienku 30, Bratislava, **FOR DESIGN**, a limited liability company, Na Hrebienku 30, Bratislava, which changed its trade name to **RZ TRADIN**, a limited liability company, Na Hrebienku 30, Bratislava, **DONNER SK**, a limited liability company, Cervena veza 4089, Banka, **BAC SLOVAKIA**, a limited liability company, Dunajska 4, Bratislava, **LASSCO**, a limited liability company, Na Hrebienku 30, Bratislava, which changed its trade name to **ASC Trading**, a limited liability company, Cesta na Klanec 8, Bratislava, did invoicing and gradual increasing of the value of commodities, although the goods were of a very low value; in fact there was no real taxable transaction and none of the mentioned companies paid the VAT tax. In spite of it, the statutory representatives of the companies submitted tax returns for VAT tax in which they unlawfully asserted the claim for the payment of excessive abatement of VAT tax.

It has been found out in the investigation led on the territory of the Slovak Republic up to now that the Slovak companies: FAPA, a limited liability company Piestany, MEAT, a limited liability company Bratislava and Tritom, a limited liability company Levice, for the company LIGNO WOOD INC., 9E Lockerman St., DELAWARE, USA, delivered to the customs warehouses in the Czech Republic the goods, which the company LIGNO WOOD INC. was selling to foreign companies UNEC AG, Kasernestrasse 1D, CH-8184 Zug, Bachenbulach, Switzerland, CONSTRUCT ANSTALT, Landstrasse 140, FL-9494 Schaan, Lichteinstein, **FRAHO – CORP ANSTALT**, Landstrasse 140, FL-9494 Schaan, Lichteinstein and **KOP INVESTMENTS LTD**, Nicosia, Arch. Makarous Avenue, Cyprus,

from where the goods were re-delivered to the companies BAC SLOVAKIA Bratislava, LORSAU Bratislava and other stated companies.

The course of criminal activity was such that the goods, mainly wood-chip products, paints, carpets and tyres of the company FAPA, a limited liability company Piestany and MEAT, a limited liability company Bratislava were sold to the company LIGNO WOOD INC. for the highest price. The companies FAPA, MEAT and TRITOM SK claimed for returning the excessive abatement of VAT tax during import. The goods consequently came through the customs warehouses in the Czech Republic and the company LIGNO WOOD INC. sold the goods to other customers to abroad, where the price for goods was considerably decreased and such goods were then returned to the Slovak Republic. In the Slovak Republic the goods were re-bought by the Slovak customer belonging to the chain of the stated companies who increased the price up to the end companies FAPA, MEAT and TRITOM SK, that were selling the goods to abroad again for the highest prices. The goods changed the owner in accounting in a very short time and often on the same day. The most probably the companies still trade with the same goods.

**Owing to the stated situation, I would like to ask you to perform the following acts within the legal aid:**

I. Please, verify the existence of the company **LIGNO WOOD INC., 9E Lockerman St., Delaware** with the registered office in USA and its business transactions focusing on
*foreign companies:*
- **UNEC AG**, Kasernenstrasse 1D, CH-8184 Bachenbulach, Switzerland
- **HURLIMANN CO AG**, Baarerstrasse 2, CH-6300, Zug, Switzerland
- **CONSTRUKT ANSTALT**, Landstrasse 140, FL-9494 Schaan, Lichtenstein
- **FRAHO-CORP ANSTALT**, Landstrasse 140, FL-9494 Schaan, Lichtenstein
- **KOP INVESTMENTS LTD**, Nicosia, Arch Makarous Avenue, Cyprus

*Companies registered in the Slovak Republic:*
- **FAPA**, limited liability company, Na Hrebienku 30, Bratislava
- **RAZMAT**, limited liability company, Na Hrebienku 30, Bratislava
- **MEAT**, limited-liability company, Racianska 66, Bratislava
- **Tritom SK**, limited-liability company, Winterova 62, Piestany
- **EUROTRADEX**, limited-liability company, Svatoplukova 1731, Puchov
- **NDP SLOVAKIA**, limited-liability company, Svatoplukova 1731, Puchov
- **S&J PRESSBURG SLOVAKIA**, limited-liability company, Na Hrebienku 30, Bratislava
- **LC TRANSPORT**, limited-liability company, Skultetyho 1. Zilina
- **RAWAR**, limited-liability company, Na Hrebienku 30, Bratislava
- **FOR DESIGN**, limited-liability company, Cervena veza 4089, Banka
- **B.D. TRADE**, limited-liability company, Kozia 28, Bratislava
- **RZ TRADING** (formerly **TARAN**) limited-liability company, Na Hrebienku 30, Bratislava
- **MARKIZ SK**, limited-liability company, Nimnicka 11, Puchov
- **LORSAU**, limited-liability company, Na Hrebienku 30, Bratislava
- **DONNER SK**, limited-liability company, Cervena veza 4089, Banka
- **BAC SLOVAKIA**, limited-liability company, Dunajska 4, Bratislava
- **ASC TRADING (LASSCO)**, limited-liability company, Cesta na Klanec 8, Bratislava

II. Please, verify whether the company LIGNO WOOD INC. in the period of the years 2003 – 2005 had a real business, whether it fulfilled its tax duties towards the state; what business activities the company dealt with; if it had any business, specify the commodities, the way it disposed of the goods; whether it had any warehouses and whether it showed any profit.

Besides this, we would like to ask you to present us the copy of an entry to the Commercial Register of this company or some other document proving the existence of this company.

**III.** In the procedural status of witness, we would like to ask you to hear statutory representatives or other authorized representatives of the company LIGNO WOOD INC., Lockerman St. DELAWARE. The examination should ascertain the facts whether the examined person knows the accused Pavol Fabik, Jan Kimek, Jozef Jakubik and Karol Fako and in case such person knows them, he/she should specify the following facts: when and where they met each other, who contacted them, whether they traded together and if yes, what business transactions they did together and with what type of goods, whether the goods were paid for, who paid for the goods, to what account and who was in charge of the carriage of goods. The examination should focused also on some other circumstances decisive for a due clarification of the matter.

In case the company LIGNO WOOD INC. duly traded with the stated companies, please get and send us the copies of all accounting and customs documents proving such trade.

Should it not contravene your legal order, I would like to ask you to instruct the witness of his/her rights and duties pursuant to the Code of Criminal Procedure and Criminal Code of the Slovak Republic. Instructions are attached to this request. Please, enclose the instructions signed by the witness to the record of his/her examination.

All accused persons in these proceedings are represented by the counsel, attorney-at-law Peter Filip, Doctor of Law, Law Office, Address: Na vrsku 2, 814 99 Bratislava, telephone and fax number: 421-2-54410607, e-mail: peter.filip@akhif.sk. Please, inform the counsel for defence about the date of witness hearing.

Please send us the records of individual acts, as well as documentary evidence in two copies.

I would like to thank you very much for dealing with my request.

Yours truly,

*--- signature ---*
Lubomir Klco
Regional Prosecutor

--- The official seal of the Regional Prosecuting Authority Trnava, with the national emblem of the Slovak Republic ---

*Instruction to a witness S-01-EN-131206)*

<u>We allow ourselves to kindly ask you to establish the following facts prior to the witness questioning:</u>

1. to find out the relation/rapport of the witness with the accused person/persons with regard to the right of a witness pursuant to the Section 130, par. 1, of the Slovak Code of Criminal Procedure (see below)
2. to inform the witness about the contents of this Instruction pursuant to the Slovak law
3. to put at the witness's disposal the copy of this Instruction together with its translation to the witness upon his/her own signature.

*(You are kindly requested that the observance/performance of the above stated procedural requirements is noted in the records of testimony of the witness.)*

<u>INSTRUCTION TO A WITNESS</u> *pursuant to the Slovak Code of Criminal Procedure, i.e. to the Act no. 301/2005, Collection of Laws (hereinafter referred to as "CCP") as well as pursuant to the Slovak Criminal Code, i.e. the Act no. 300/2005, Collection of Laws:*

*Section 127, paragraph 1, CCP: Every person has the duty to testify as witness on anything that is known to him/her about the criminal offence as well as about a perpetrator or about the circumstances that are significant for the purposes of criminal proceedings.*

*Section 130, paragraph 1, CCP: The witness has right to refuse testimony if he/she is the accused person's kindred in a direct line, brother, sister, adoptive parent, adoptive child, spouse or cohabitee (common law marriage). If there are several accused persons and the witness has a mentioned relationship only to one from among them, a witness has right to refuse testimony concerning other accused persons only if the deposition is impossible to be separated concerning these accused persons from the deposition concerning that accused person to which the witness has such relationship.*

*Section 130, paragraph 2, CCP: A witness is entitled to refuse testimony if his/her deposition would cause a danger of criminal prosecution to himself/herself, to his/her kindred in direct line, brother, sister, adoptive parent, adoptive child, spouse or cohabitee or to other persons to which a witness has family or similar relation and a harm done to these persons would be well perceived by a witness as a harm done to himself/herself. A witness is also entitled to refuse to testify if his/her deposition would be a breach of the confession secret or of confidentiality of the information that had been confided to him/her orally or in writing as to a person entrusted with pastorate care upon condition of confidentiality.*

*Section 346, paragraph 1, Criminal Code: Any one shall be liable to a sentence of deprivation of liberty from one year up to five years who as witness states/tells untruth on any circumstance of substantial significance for making a decision or who conceals such circumstance within the proceeding before the court or within criminal proceedings, or before a prosecutor or police officer within questioning executed for the purposes of a criminal proceedings abroad, or before a judge of an international authority recognized by the Slovak Republic.*

*Section 346, paragraph 2, Criminal Code: Any one shall be liable to a sentence of deprivation of liberty from two up to five years who under oath states/tells untruth about a circumstance of substantial significance for making a decision or who conceals such circumstance within criminal proceedings before the court or within questioning executed for the purposes of criminal proceedings abroad.*

*Section 345, paragraph 1, Criminal Code: Any one shall be liable to a sentence of deprivation of liberty from one up to five years who with the intent to cause criminal prosecution to another falsely accuses another of criminal offence.*

Result:
```
```

**WITNESS'S STATEMENT TO THE INSTRUCTION:**

„*I herewith confirm by my own signature that a have been made acquainted with the Instruction to the Witness pursuant to the Slovak law prior to this questioning/examination as well as that I have received the copy of this Instruction together with its translation.*"

At …………………………, on the……………… 200…

Case 1:08-mc-00046-SLR   Document 2-2   Filed 02/29/2008   Page 6 of 7

**TRANSLATOR'S CLAUSE:**

I, the undersigned, Lubica Letovancova, appointed official Slovak translator of the English language by the decision of the Regional Court in Bratislava decree No. 4296/95 dated March 25th, 1996 and registered in the translator's list of the Regional Court in Trnava under the registration number 02034 and in the translator's list of the Ministry of Justice of the Slovak Republic under the registration number 970144, do hereby certify that the foregoing is the true translation of the document hereunto annexed.

The translation was registered in the translator's diary under the registration number 35/07.

Trnava, dated: 31st January 2007

Lubica Letovancova
Official Translator of English

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM THE SLOVAK REPUBLIC ) | |
| IN THE MATTER OF ) | Misc No. 08- |
| FABIK ) | |

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from the Slovak Republic whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in the Slovak Republic and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Slovak Republic authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in the Slovak Republic, which procedures may be specified in the request or provided by the Slovak Republic authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Slovak Republic authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.

_____
United States District Court Judge